## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

JOHN DOE, on behalf of his minor child,       )
individually and on behalf of all others similarly situated  )
                                       )     Case No.:
                      Plaintiff,       )
                                       )
v.                                       )
                                     )
THE COLLEGE BOARD and EDUCATIONAL    )
TESTING SERVICE,                    )
                                     )
                    Defendants.   )

## CLASS ACTION COMPLAINT

Plaintiff brings this action on behalf of his minor daughter and on behalf of all persons similarly situated who took the SAT exam on August 25, 2018 and August 26, 2018. Plaintiff alleges as follows, based on personal knowledge, and upon information and belief as to all other matters:

## GENERAL ALLEGATIONS

### Background

1.     Most colleges in the United States require college bound students to take a standardized admission exam.  The SAT, owned and sponsored by the College Board and developed and administered by the Educational Testing Service ("ETS") on behalf of the College Board, is a college entrance exam relied upon by colleges in their admission process.  The SAT is comprised of: 1) Reading Test multiple-choice questions; 2) Writing and Language Test multiple-choice questions; 3) Math Test multiple-choice questions and grid-ins; and 4) an optional essay.

2.      According to the ETS, "[s]tandardized admission tests offer colleges and universities a fair and impartial way to compare students from different school situations."[1] Accordingly, the test taker's score is an important benchmark to measure performance on the test relative to other students.

3.      Due to the significance of the SAT scores on a student's college admission and future, students and their families expend significant amounts of time and money to prepare for and take the exam.

### Registering for the Exam

4.      In order to take the SAT, students must first register for the exam by mail or online. The College Board's instructions specifically state that the student must register – a parent or counselor cannot register on a student's behalf.[2]

5.      In connection with the registration process, the College Board provides an online link to the Student Registration Booklet with information about the registration process and important registration information and test day requirements.[3]

6.      Students who register online must click to accept the SAT Terms and Conditions, which include provisions from the Student Registration Booklet, before finishing the registration process.

7.      Pursuant to the SAT Terms and Conditions, the College Board acknowledges its obligation to provide every student taking the exam with a "fair and equitable opportunity to demonstrate college readiness" in connection with its Test Security and Fairness policies that are also "designed to prevent anyone from gaining an unfair advantage on SAT tests."

---

[1] https://www.ets.org/about/faq/.
[2] https://collegereadiness.collegeboard.org/sat/register/online-registration-help.
[3] https://collegereadiness.collegeboard.org/pdf/sat-registration-booklet-students.pdf.

8.     Finally, to complete registration, students must remit a registration fee ($47.50 for the SAT; $64.50 for the SAT with Essay) and may be subject to additional fees for registering by phone, change fees, late registration fees, and waitlist fees ranging from $15 to $51. The College Board also offers additional score services and associated fees ranging from $12 to $55.

### The SAT Test Security – or Lack Thereof

9.     The College Board claims to be "committed to SAT test security"[4] and therefore employs test security and fairness policies "designed to give [test takers] a standardized, fair, and equitable opportunity to demonstrate [the test taker's] college readiness and to prevent anyone from gaining an unfair advantage on the SAT."[5]

10.     However, in recent years, the integrity of the SAT exam and validity of exam scores have been called into question based on widespread leaks and cheating scandals. An investigation by Reuters in 2016 revealed that the SAT exam was compromised due to exploitation in the test preparation industry. The fundamental flaw: The College Board recycles test materials enabling test preparation operators to gain access to contents of the SAT exam and package that material for their clients to study. While recycling tests is seemingly cost effective, the practice serves to undermine test score integrity.

11.     The College Board is well-aware of this security crisis, and since October 2014, has delayed issuing scores in Asia six times and canceled an exam sitting in Asia based on evidence that the test material has been exposed to the public. However, according to Reuters, "the breakdown in security is more pervasive than the College Board has publicly disclosed." Indeed, in addition to the publicly acknowledged security breaches announced by the College Board,

---

[4] https://collegereadiness.collegeboard.org/sat/taking-the-test/new-security-measures.
[5] https://collegereadiness.collegeboard.org/sat/taking-the-test/test-security-fairness.

Reuters identified eight occasions since late 2013 in which test material was circulating online before the SAT was administered overseas:

### Dishonor Roll

Reuters tallied 14 times since late 2013 when SAT content was publicly exposed before an international sitting of the test.

| Date of Int'l Test | Evidence of Security Breach |
| --- | --- |
| Jan. 23, 2016 | Tests cancelled by College Board in mainland China and Macau; some scores delayed elsewhere |
| Dec. 5, 2015 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |
| Nov. 7, 2015 | Scores delayed by College Board |
| Oct. 3, 2015 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |
| June 6, 2015 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |
| May 2, 2015 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |
| Jan. 24, 2015 | Scores delayed by College Board |
| Dec. 6, 2014 | Scores delayed by College Board |
| Nov. 8, 2014 | Scores delayed by College Board |
| Oct. 11, 2014 | Scores delayed by College Board |
| Jan. 25, 2014 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |
| Dec. 7, 2013 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |
| Nov. 2, 2013 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |
| Oct. 5, 2013 | Postings on College Confidential indicate parts of the test had been discussed before, on a prior exam day |

Note: Test cancellations and score delays are steps the College Board takes when it has evidence of a broad security breach. It doesn't divulge the outcome of decisions to delay scores
Sources: College Board statements; Reuters analysis of postings on Collegeconfidential.com

[6]

12.    Despite its knowledge of the compromised exams, the College Board continues to administer tests overseas, including in China, which is the SAT's largest international market.[7] The College Board also continues to repeat previous test questions.

13.    In February 2017, the College Board announced new security measures to prevent the disclosure of test questions, including reducing international test dates.  However, it did not address the underlying issue of reusing test questions.[8]

---

[6] https://www.reuters.com/investigates/special-report/college-sat-one/#graphic-SAT-security-issues-space.

[7] *Id.*

[8] https://collegereadiness.collegeboard.org/sat/taking-the-test/new-security-measures.

**The August 2018 SAT Test**

14.     The SAT exam administered on August 25 and 26, 2018, is a duplicate of a previous exam administered in October 2017 in Asia.

15.     Immediately following the exam, posts to Reddit, Twitter and elsewhere on social media featured images with the test questions, confirming that the August exam indeed contained the same questions from the October 2017 exam administered in Asia.

16.     The reused exam questions – and the answers thereto – had been leaked online for a period of time leading up to the current exam.[9]  As a result, students who took the August 25 and 26, 2018 exams, may have taken the October 2017 SAT and/or practiced the same test in preparation for the exam, gaining a distinct advantage over other students who were seeing the test for the first time.  By continuing their known practice of recycling questions, Defendants failed to ensure each test taker had a "fair and reasonable opportunity to demonstrate college readiness."

17.     According to the Reuters investigation, studies show that students do not need a complete set of answers to gain an advantage, as simply seeing the questions in advance provides a plausible benefit.  For example, "[a] 1984 study by ETS found that test-takers who repeat the same version of a standardized exam perform much better the second time than students who take different iterations of the test."[10]  Notably, "[e]ven a single extra right answer can boost a score by 10 or 20 points on an SAT section's 800-point scale, according to a practice-exam scoring table posted by the College Board."[11]

18.     The public outcry over the unfair test conditions following the exam prompted the College Board to issue the following statement on its twitter account:

---

[9] http://www.latimes.com/local/lanow/la-me-ln-sat-exam-leaked-20180827-story.html#.
[10] https://www.reuters.com/investigates/special-report/college-sat-one/.
[11] *Id.*

For those of you who have asked about the SAT test on Saturday, Aug. 25/Sunday, Aug. 26, we do not comment on the specifics of test form and/or question usage, in order to protect the security of our tests. Most multiple-choice scores from the August SAT test will be available online on Sept. 7 as planned.

As part of our comprehensive approach to test security, after every test administration, we take additional quality control steps before scores are released, including conducting a comprehensive statistical analysis of certain test scores. If we determine students have gained an unfair advantage, we will take appropriate actions, including cancelling test scores and, in some cases, prohibiting them from taking another College Board Assessment. The vast majority of students follow our test security policies and our efforts are focused on identifying those who did not.

19.     Rather than accept the responsibility and acknowledge its errors, the College Board, and by association, ETS, appear to blame students for their failure to keep the exam secure.

20.     Likewise, the College Board issued the following statement in connection with a published USA TODAY article: "We recognize that organizations and individuals will consistently try to challenge the system and find new ways to cheat, which is why we continue to enhance our test security measures. We are compelled to take bolder steps to ensure the SAT remains a valid, reliable tool for college admissions."[12]

21.     Regardless, the College Board and ETS, with full knowledge of past security breaches including identical incidents of exam content leaked to the public chose to reuse a test previously administered, damaging those students who had not previously seen the prior exam.

## JURISDICTION AND VENUE

22.     Jurisdiction is proper pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because members of the proposed Plaintiff Class are citizens of states different from Defendants' home states, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

---

[12]https://www.usatoday.com/story/news/2018/08/28/august-sat-test-reuse-cheating-college-board-october-2017/1120558002/.

6

23.     This Court has personal jurisdiction over Defendants, pursuant to Florida Statutes §§ 48.193(1)(a)(1), (2), (6) and (7), because it conducts substantial business in this District, some of the actions giving rise to the Complaint took place in this District, and some of Plaintiff's claims arise out of Defendants' operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; committing a tortious act in this state; causing injury to property in this state arising out of Defendants' acts and omissions outside this state and at or about the time of such injuries Defendants were engaged in solicitation or service activities within this state or products, materials, or things processed, serviced, or manufactured by Defendants anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use; and breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

24.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District, the Defendants have caused harm to Plaintiff and Class Members residing in this District, and the Defendants are residents of this District under 28 U.S.C. 1391(c)(2) because they are subject to personal jurisdiction in this district.

## **THE PARTIES**

25.     Plaintiff John Doe, on behalf of his minor child, a high school student who took the SAT exam on August 25, 2018, in St. Petersburg, Florida, which cost $64.50, is a resident and citizen of St. Petersburg, Florida.

26.     Defendant the College Board is a non-profit corporation organized and existing under the laws of the State of New York, with its headquarters located in New York, New York. The College Board owns and sponsors the nationally administered test known as the SAT.

27.     Defendant Educational Testing Service ("ETS") is a non-profit corporation headquartered in Princeton, New Jersey.  ETS develops and administers the SAT on behalf of the College Board.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of his daughter and all members of the following Classes:

**NATIONWIDE CLASS:**

All persons who took the SAT exam on August 25, 2018 or August 26, 2018 in the United States.

**FLORIDA CLASS:**

All persons in the State of Florida who took the SAT exam on August 25, 2018 or August 26, 2018 in the United States.

29.     Excluded from the Classes are Defendants; their affiliates, their subsidiaries, and any officers, employees, attorneys, agents, legal representatives, heirs, successors, and assigns. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded, divided into additional subclasses, or modified in any other way.

30.     The persons affected by Defendants' unlawful acts consist of tens of thousands of individuals across the nation, making joinder of all Class Members impracticable. Furthermore, the number of the persons who fit within the proposed classes are contained in Defendants' records and can be easily ascertained from those records.

31.     Plaintiff's claims are typical of the claims of the Class Members and arise from a single course of conduct by the Defendants. Plaintiff, like all Class Members, has been damaged by Defendants' misconduct in that Plaintiff and the Class have suffered damages relating to the

security breach of the SAT exam. Furthermore, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members. The relief Plaintiff seeks is typical of the relief sought for the absent Class Members.

32.     Plaintiff and counsel will fairly and adequately protect and represent the interest of each member of the Classes. Plaintiff is committed to the vigorous prosecution of this Action and has retained competent counsel experienced in prosecuting class actions. Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members.

33.     There are numerous questions of law and fact common to Plaintiff and Class Members that predominate over any question affecting only individual Class Members, the answers to which will advance resolution of the litigation as to all Class Members. These common legal and factual issues include, but are not limited to, the following:

   a.   Whether Defendants reused a previously administered SAT exam in August 2018;
   b.   Whether Defendants had knowledge of previous security breaches regarding the SAT exam;
   c.   Whether the security breach related to the August 2018 exam was foreseeable;
   d.   Whether Defendant College Board had a contract with Plaintiff and Class Members;
   e.   Whether Defendant College Board breached its contract with Plaintiff and Class Members;
   f.   Whether Defendants had an implied contract with Plaintiff and the Classes;
   g.   Whether Defendants breached an implied contract with Plaintiff and the Classes;
   h.   Whether Defendants conduct with respect to the August 2018 SAT exam was negligent;
   i.   Whether, by the misconduct set forth herein, Defendants committed negligent misrepresentation;
   j.   Whether Defendants have been unjustly enriched such that it would be inequitable for Defendants to retain the benefits conferred upon them by Plaintiff and Class Members;

       k.   Whether Defendants' alleged practices violated Fla. Stat. § 501.201, *et seq.*; and

       l.   Whether Plaintiff and the Classes are entitled to damages, civil penalties, punitive damages and/or disgorgement.

34.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of the Class Members' claims in one forum since it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, absent a class action, Class Members would likely find the cost of litigating their individual claims prohibitively high and would therefore have no effective remedy at law. Because the damages suffered by each individual Class Member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class Members to redress the wrongs done to them individually, making class adjudication the superior alternative. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract
### [Against Defendant College Board]

35.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

36.     Upon registration for the August SAT, Plaintiff and the Class Members entered into an agreement – the SAT Terms and Conditions – with the College Board, wherein the College Board expressly recognizes its obligation to ensure a fair and equitable opportunity to demonstrate college readiness for every student and to prevent anyone from gaining an unfair advantage on the SAT tests.

37.     Defendant breached the agreement by failing to ensure a fair and equitable testing opportunity and to prevent anyone from gaining an unfair advantage by, *inter alia*, recycling test questions that had been previously administered internationally, in light of the various test security issues pervasive in the international SAT market, including leaks of SAT questions and reproduction for test preparation purposes.  Defendant further breached the agreement by reusing test questions that were publicly reproduced on the internet in the period prior to the August exam.

38.     As a direct result of Defendant's breach, Plaintiff and the Classes suffered damages.

## COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing
### [Against Defendant College Board]

39.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

40.     Defendant breached the express contract provision obligating Defendant to ensure a fair and equitable opportunity to demonstrate college readiness for every student and to prevent anyone from gaining an unfair advantage on the SAT tests.

41.     Defendant's failure to safeguard the SAT from a security breach resulted from a conscious and deliberate act, to recycle test questions despite the foreseeable threat of improper test dissemination, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of Plaintiff and the Class Members for a fair and reliable testing opportunity.

42.     As a direct result of Defendant's breach, Plaintiff and the Classes suffered damages.

## COUNT III
### Negligence
### [Against All Defendants]

43.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

44.     Defendants, as owner, sponsor, developer and administrator, of the SAT, respectively, had a duty to exercise reasonable care in providing the SAT exam to Plaintiff and the Classes.  Specifically, Defendants were under a duty to offer and administer the SAT exam in a fair and equitable manner and to safeguard the SAT from the foreseeable risk of security breaches.

45.     Defendants acknowledge their duty by publicly touting their "commit[ment] to SAT test security" and concede their responsibility "to take bolder steps to ensure the SAT remains a valid, reliable tool for college admissions."  Thus, Defendants, through an affirmative and/or promised act, undertook to render the SAT exam in a fair and equitable manner, free from impropriety.

46.     Defendants breached their duty by negligently offering and administering the August 2018 SAT exam despite failing to ensure a fair and equitable testing opportunity and prevent anyone from gaining an unfair advantage by, *inter alia*, recycling test questions that had been previously administered internationally, in light of the various test security issues pervasive in the international SAT market, including leaks of SAT questions and reproduction for test preparation purposes.  Defendant further breached its duty by reusing test questions that were publicly reproduced on the internet in the period prior to the August exam.

47.     Defendants' conduct foreseeably and substantially caused Plaintiff and the Classes to suffer damages.

48.     Plaintiff and the Classes suffered damages as a direct and proximate result of Defendants' breach.

**COUNT IV**
**Negligent Misrepresentation**
**[Against All Defendants]**

49.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

50.     Defendants misrepresented to Plaintiff and the Classes that the August SAT exam would be fairly and equitably offered and administered, and that Defendants would safeguard the exam from security breaches.

51.     Although Defendants may have believed their representations to be true, the August SAT exam contained questions that were previously used on the October SAT exam and publicly reproduced and disseminated.

52.     Based on the history of security breaches on the SAT exam, specifically the public dissemination of previous test contents for preparation purposes, Defendants should have known that its representations regarding test security and fairness were false.

53.     Defendants intended to induce Plaintiff and the Classes to rely on the misrepresentation.

54.     Plaintiff and the Classes acted in justifiable reliance upon the misrepresentation by registering for and taking the SAT exam, resulting in injury to Plaintiff and the Class.

**COUNT V**
**Gross Negligence**
**[Against All Defendants]**

55.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

56.     There is an imminently clear and present danger that the SAT exam will be exploited by individuals and entities, especially in the international SAT market, based on fundamental flaws inherent to the exam.  Security breaches of the SAT exam, identical to the facts

herein, are pervasive and have plagued the SAT exam for years, if not the entirety of the exam's existence.

57.     Defendants have knowledge of and/or awareness of the imminent danger of security breaches of the SAT exam. For example, there have been at least 14 identifiable instances wherein the SAT test material was publicly exposed and circulated online before the offering and administering of the SAT exam from October 2013 to January 2016.

58.     Therefore, it is indisputably foreseeable that another security breach would occur, especially because the August 2018 SAT exam reused questions from an October 2017 exam offered and administered internationally.

59.     By failing to rectify the obvious flaw – reusing test questions on the SAT exam – especially ones that were publicly available prior to the exam, Defendants evince a conscious disregard of the consequences

## COUNT VI
## Unjust Enrichment
## [Against All Defendants]

60.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

61.     Plaintiff and the Class conferred benefits to Defendants by registering for and taking the SAT exam.

62.     Defendants knowingly and willingly retained the registration fees and associated fees conferred in connection with registering for and taking the SAT exam.

63.     Under the circumstances, it would be inequitable for Defendants to retain this monetary benefit at the expense of Plaintiff and the Classes.

64.     Moreover, no adequate legal remedy exists.

65.     As a direct result of Defendants' unjust enrichment, Plaintiff and the Classes have suffered injury and are entitled to reimbursement, restitution and disgorgement by Defendants of the benefit conferred by Plaintiff and the Class.

**COUNT VII**
**Breach of Implied-In-Fact Contract**
**[Against All Defendants]**

66.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

67.     Defendants tacitly promised Plaintiff and the Classes, as inferred in whole or in part by its conduct, that it would fairly and equitably offer and administer the SAT exam and prevent against security breaches.

68.     By providing the SAT exam to Plaintiff and the Classes, Defendants understood and intended that Plaintiff and the Class sit for and take the SAT exam in August 2018.

69.     Under the circumstances, Plaintiff and the Classes presumed based on Defendants' conduct that the test would be fairly and equitably offered and administered in a manner to prevent against security breaches.

70.     Defendants breached the implied contract by offering and administering the SAT exam with recycled questions that were publicly available prior to the exam due to a security breach, thereby failing to ensure a fair and equitable testing opportunity.

71.     As a result of Defendants' breach, Plaintiff and the Classes were damaged.

**COUNT VIII**
**VIOLATION OF THE FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT ("FDUTPA")**
**Fla. Stat. § 501.201, *et seq*.**
**[Against All Defendants on behalf of the Florida Class]**

72.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

73.     Plaintiff and the Florida Class consist of "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.203(7).

74.     Defendants engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

75.     FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...." Fla. Stat. § 501.204(1). Defendants participated in unfair and deceptive trade practices that violated FDUTPA as described herein.

76.     Defendants' practice of offering and administering the SAT exam touted to be a "valid, reliable tool for college admissions" that fairly and equitably measures college readiness is deceptive because it creates an illusion of security and impartiality.  A reasonable person would likely be misled into believe that the SAT exam is offered and administered in a manner consistent with fairness and without impropriety, and specifically, safeguarded from security breaches. Rather, Defendants reuse old exam questions, including those that have been publicly disseminated prior to the SAT exam.

77.     As a result of Defendants' deceptive and unfair trade practices, Plaintiff and the Florida Class have suffered damages.

78.     Plaintiff and the Florida Class are entitled to recover their actual damages under Fla. Stat. §501.211(2) and attorneys' fees under Fla. Stat. § 501.2105(1), and any other just and proper relief available under FDUTPA.

## COUNT IX
## BREACH OF FIDUCIARY DUTY
### [Against All Defendants]

79.     Plaintiff repeats and incorporates by reference paragraphs 1 to 34 of this Complaint.

80.     A fiduciary relationship between Plaintiff and the Classes and Defendants exists. Defendants agreed to offer and administer a fair and equitable SAT exam for the benefit of Plaintiff and the Class and were thereby granted a high degree of control and discretionary power to do so, evidencing a high level of trust and confidence in and reliance on Defendants to perform their duties.

81.     Defendants breached their fiduciary duty by recycling old exam questions, including those that have been publicly disseminated prior to the SAT exam.

82.     As a proximate result of Defendants' breach, Plaintiff and the Classes suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of his minor daughter, individually and on behalf of all others similarly situated, requests that the Court enter judgment against the College Board and Educational Testing Service, which:

1. Certifies the proposed Classes, designates Plaintiff as the named representative of the Classes, and designates undersigned counsel as Class Counsel;

2. Awards to Plaintiff and the Class compensatory, actual and other damages, including interest thereon, in an amount to be proven at trial;

3. Awards attorneys' fees and costs, as allowed by law;

4. Awards pre-judgment and post-judgment interest, as provided by law; and

5. Awards such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right on all counts in this Complaint.

Dated: August 30, 2018

Respectfully submitted,

/s/ Michael E. Criden
Michael E. Criden (FBN 714356)
Lindsey C. Grossman (FBN 105185)
**CRIDEN & LOVE, P.A.**
7301 SW 57th Court, Ste. 515
South Miami, FL 33143
Tel.: 305.357.9000
Facs.: 305.357.9050
mcriden@cridenlove.com
lgrossman@cridenlove.com

Linda P. Nussbaum (pro hac pending)
Fred T. Isquith, Jr. (pro hac pending)
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9102
lnussbaum@nussbaumpc.com
fisquith@nussbaumpc.com